Mr. William Cobb
Reg. No. 11595-052
FPC Mckean Camp
P.O. Box 8000
Bradford, Pa. 16701

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 12 2018 ★

BROOKLYN OFFICE

December 6, 2018

The Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11202

RE: <u>United States v. Cobb</u>, Docket No. 04-CR-203(ARR)

Dear Judge Ross:

This missive presents a question of paramount importance for the Court's consideration: To what extent is Mr. Cobb's instant federal sentence suppose to run concurrently with his related federal sentence in the Northern District of New York in Case No. 1:02-CR-403? Stated in another way, was it the Court's intention to adjust Mr. Cobb's sentence under U.S.S.G.§5G1.3(b)(1) to account for the time Mr. Cobb already served on the related federal sentence in the Northern District? For the reasons mentioned below, Mr. Cobb asks that the Court answer this query affirmatively and issue an amended judgment adjusting Mr. Cobb's instant federal sentence under §5G1.3(b)(1) so his federal sentence will be fully concurrently with his related federal sentence in the Northern District of New York. See <u>United States v. Rivers</u>, 329 F.3d 119, 121 (2d Cir.2003)("the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense..."); <u>Lopez v. Terrell</u>, 697 F. Supp. 2d 549, 553 (S.D.N.Y.2010).

"Guideline 5G1.3(b) and Application Note 2 prescribe a two-step approach to determine the correct sentence in a situation such as [Mr. Cobb's], where the defendant is already serving a sentence arising out of the same criminal conduct that led to the instant prosecution. First, §5G1.3(b) mandates that when a court imposes a sentence on a defendant subject to such an undischarged term of imprisonment, the sentence for the instant offense <u>must</u> run concurrently to the undischarged term of imprisonment. Second, Application Note 2 to §5G1.3(b) explains that 'the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into

1

account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.'" United States v. Gonzalez, 192 F.3d 350, 345 (2d Cir.1999).

In Mr. Cobb's case, the BOP credited all of the time he spent in federal custody (from October 7, 2002 to April 20, 2004) against his federal sentence in the Northern District of New York. However, the BOP could not award him credit for the time he served from April 21, 2004 to August 15, 2006 to the instant federal sentence. See 18 U.S.C. §3585(b). As in Gonzalez, "Application Note 2 therefore applied." 192 F.3d at 354.

At Mr. Cobb's sentencing on August 15, 2006, counsel for Mr. Cobb, the Government and the Court acknowledged that the federal offense from the Northern District of New York was related to the instant offense. In fact, counsel for Mr. Cobb, Mr. Katowitz stated the following: "... the punishment that the defendant has already received... Mr. Cobb has been punished with a mandatory minimum in the Northern District of New York... I do recall seeing in the probation report that the probation department does say that the sentence should run concurrent and I believe they should." See Sentencing Transcripts, Doc.#193 @11 attached). The Government, Mr. Freedman likewise stated "we don't disagree," and the Court acknowledged the same: The Court: "I think everyone is in agreement that the conduct in the Northern District is part of the conduct of this offense." Id.

Mr. Cobb believes the record reflect that the Court had the intent to adjust downward for the time served on his Northern District of New York sentence pursuant to §5G1.3(b)(1). The Commentary to that subsection makes clear, the authors of the Guidelines intended for concurrently in §5G1.3(b) to mean concurrent with the full pre-existing sentence. Notedly, "[t]he mere fact that the sentencing court (nor defense counsel or the Government) did not refer to §5G1.3[b] specifically in its sentence" is not necessary "when the overall context in which the Court imposed the sentence and the information before the court at that time... makes clear that the court was indeed relying on this provision. Ruggiano v. Reish, 307 F.3d 121, 134 (3d Cir.2002); United States v. Margiotti, 85 F.3d 100, 105 (2d Cir.1996)("Section 5G1.3(c) simply does not require the use of any particular verbal formula or incantation); United States v. Williams, 260 F.3d 160, 166 (2d Cir.2001)(holding that district court is obligated to apply U.S.S.G.§ 5G1.3(b) where plea agreement is silent on how sentence interacts with prior undischarged state sentence).

The Presentence Investigation Report, defense counsel, the Government, and the Court acknowledge that Mr. Cobb's federal conviction and sentence stemmed from the same criminal activity that gave rise to the instant offense. As such, the Court was required to adjust his sentence under §5G1.3(b) and Application Note 2 to that Guideline. Gonzalez, 192 F.3d at 353. As the Supreme Court explained in Witte v. United

States, "the purpose of U.S.S.G. §5G1.3 in general, and subsection (b) in particular, was to attempt to achieve some coordination of sentences imposed... with an eye towards having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time (i.e., had all of the offenses been prosecuted in a single proceeding). 515 U.S. 389, 404-05 (1995).

Therefore, because the Court-- and the parties for that matter-- acknowledged that Mr. Cobb's federal conviction and sentence in the Northern District of New York was related to the instant offense, Mr. Cobb respectfully request that the Court issue an order or an amended judgment adjusting his 240 month term of imprisonment, minus the time served on the related Northern District sentence (46 months), and conclude it is from this base (194 months) that the BOP should have calculated the point at which his sentence would be satisfied. Lopez, 697 F. Supp.2d at 553 (the court held a conference and received supplemental briefing on whether Lopez should receive sentencing credit for the time already served in either state or federal custody, given that the state and federal convictions concerned the same conduct. The court ultimately decided Lopez was entitled to an adjustment for all the time previously served pursuant to U.S.S.G. §5G1.3(b), which instructs courts to reduce a federal sentence by any period of imprisonment already served on an undischarged sentence for the same offense conduct).

                                    Respectfully submitted,

                                    William Cobb

```
ASHEI  540*23 *          SENTENCE MONITORING          *   07-18-2018
PAGE 003 OF 003 *         COMPUTATION DATA            *   14:40:45
                          AS OF 07-18-2018

REGNO..: 11595-052 NAME: COBB, WILLIAM


DATE COMPUTATION BEGAN..........: 04-21-2004
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:     22 YEARS      3 MONTHS     25 DAYS
TOTAL TERM IN EFFECT CONVERTED..:     22 YEARS      3 MONTHS     25 DAYS
AGGREGATED TERM OF SUPERVISION..:      8 YEARS
EARLIEST DATE OF OFFENSE........: 10-07-2002

JAIL CREDIT.....................:      FROM DATE     THRU DATE
                                       10-07-2002    04-20-2004

TOTAL PRIOR CREDIT TIME.........: 562
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1013
TOTAL GCT EARNED................: 768
STATUTORY RELEASE DATE PROJECTED: 04-22-2022
EXPIRATION FULL TERM DATE.......: 01-29-2025
TIME SERVED.....................:     15 YEARS      9 MONTHS     11 DAYS
PERCENTAGE OF FULL TERM SERVED..:   70.7

PROJECTED SATISFACTION DATE.....: 04-22-2022
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: DOCKET CR-04-203, ENTERED 08-15-06, HAS BEEN ORDERED TO RUN
                C/C TO DOCKET 1:02-CR-403, WHICH HAS EFFECTUATED A CONCURRENT
                OVERLAP SITUATION MAKING THE TIE FOR THIS AGGREGATED SENTENCE
                22 YEARS, 3 MONTHS & 25 DAYS. 12-04-09: DIS GCT TAKEN BY DSCC.
                JEE/D   12-29-17:OFFENSE CODE/CHARGES UPDATED. JDB/D




G0000          TRANSACTION SUCCESSFULLY COMPLETED
```

11

1  certainly did inform Mr. Moreno that Mr. Cobb's statements
2  were false and that I could prove in Mr. Cobb's --
3      THE COURT:  I see how it happened.
4      MR. KATOWITZ:  Although, I understand, there is no
5  dispute that he is in criminal history Category One in this
6  case, nobody objected to that, paragraph 43.  I still suggest
7  to the Court, the Court can under 3553(a), there the Court is
8  now given broad discretion.  I think with all due respect, the
9  Court can take into account the motivation for the
10 prosecution, the punishment that the defendant has already
11 received, and to me it seems clear, and with all due respect
12 to my brother at the bar Mr. Freedman, you just don't tell a
13 defendant if you are going to cooperate we will give you a
14 rule 35 and not prosecute you here and when that doesn't
15 happen, then launch into a full blown prosecution.
16     Now, Mr. Freedman has his job to do.  Mr. Cobb has
17 been punished with a mandatory minimum in the Northern
18 District court, now faces a staggering amount of time.  I do
19 recall seeing in the probation report that the probation
20 department does say that the sentences should run concurrent
21 and I believe they should.
22     MR. FREEDMAN:  We don't disagree.
23     THE COURT:  I think everyone is in agreement that the
24 conduct in the Northern District is part of the conduct of
25 this offense.

MARSHA DIAMOND, CSR, RPR
OFFICIAL COURT REPORTER

12

1           MR. FREEDMAN: Just to answer the question with the
2    criminal history, I didn't focus on it because no matter what,
3    Mr. Cobb is facing life, no matter which criminal history
4    category is he is in, but it is probably paragraph 45 that has
5    a problem where it says no disposition reported for his prior
6    criminal possession. As the Court knows, we filed a prior drug
7    felony information in this case.
8           THE COURT: I understand. That doubles his time.
9           MR. FREEDMAN: Right. I am just saying he must have
10   had that conviction. There are no listings.
11          THE COURT: I am sorry.
12          MR. FREEDMAN: I am not asking to you change it. I
13   am just explaining for the record why he had more criminal
14   history points.
15          THE COURT: Okay.
16          MR. KATOWITZ: Well, Judge, what I think we have
17   here is a situation the jury has said Mr. Cobb's guilt has
18   been proven beyond a reasonable doubt, but as a result of the
19   mechanistic -- the mechanical nature of the guidelines, the
20   government has come down on him with the full force of
21   everything it has, and there seems to be no distinction
22   between Mr. Cobb, Mr. Harris, no distinction for that -- the
23   fact that he is already doing ten years. The government seems
24   to want life in jail for him and it is, if I may suggest,
25   simply not appropriate here.

MARSHA DIAMOND, CSR, RPR
OFFICIAL COURT REPORTER

Federal Correctional Institution McKean
Name: WILLIAM COBB
Reg. #: 11595-052
P.O. Box 8000
Bradford, PA 16701

ROCHESTER NY 144

07 DEC 2018 PM 3 L

THE Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11202

11201-189899