

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AB:PP
F. #2018V03142

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 21, 2018

By Hand and ECF

The Honorable Allyne R. Ross
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. William Cobb
               Criminal Docket No. 04-203 (ARR)

Dear Judge Ross:

      On December 6, 2018, the defendant filed a pro se motion requesting that the Court issue an amended judgment and reduce his sentence. (Docket Entry No. 234.) The defendant argues that, because the government and the Court acknowledged at the time of his sentencing that the conduct at issue in the instant case was related to the conduct at issue in the defendant's prior federal case for which he had already been sentenced and for which he was currently incarcerated, the Court "inten[ded] to adjust downward for the time served on his Northern District of New York sentence pursuant to [Guidelines Section] 5G1.3(b)(1)." (Docket Entry No. 234, at p. 2.) For the reasons set forth below, the government respectfully submits that the defendant's motion is procedurally barred.

      A.  Factual Background

      On October 7, 2002, the defendant was charged by the U.S. Attorney's Office for the Northern District of New York with distributing and possessing with intent to distribute cocaine base on five separate occasions in 2002. (See United States v. Cobb, 02-CR-403(LEK) (N.D.N.Y.).) The defendant was detained without bail. On April 22, 2004, the defendant was sentenced to ten years' imprisonment by Judge Kahn in the Northern District of New York.

      On June 7, 2005, while incarcerated for his Northern District of New York conviction, the defendant was charged in this district with conspiracy to distribute cocaine

base and one substantive count of distribution of cocaine base. Following the defendant's conviction at trial, this Court sentenced the defendant to twenty years' imprisonment (the mandatory minimum sentence). This Court ordered that the sentence run concurrent to the undischarged portion of the defendant's sentence in the Northern District of New York case. (Docket Entry No. 195.) The Probation Department noted in the Presentence Report, and the government and the Court acknowledged at the sentencing, that the conduct at issue in the Northern District of New York case was related to the conduct at issue in the instant prosecution. (See Docket Entry No. 193, at p. 11.)

The defendant filed a notice of appeal on August 22, 2006, and the Court of Appeals affirmed the defendant's judgment of conviction on March 17, 2008. See United States v. Blackshear, 313 F. App'x 338 (2d Cir. 2008). On February 16, 2009, the defendant filed a pro se habeas corpus petition, which this Court denied on January 26, 2010. (See Cobb v. United States, 09-CV-916, Docket Entry No. 12.) The Court of Appeals denied the defendant's request for a Certificate of Appealability on June 24, 2010. Neither the defendant's direct appeal nor his Section 2255 petition raised the argument set forth in this motion.

B. Discussion

The defendant argues that, because the conduct at issue in the Northern District of New York prosecution was related to the conduct in this case, the Court should have, after determining the appropriate sentence, reduced his sentence by the amount of time he had already spent in federal custody for the Northern District of New York conviction pursuant to Guidelines §5G1.3(b). See also §5G1.3 cmt. n.2(D).

Although the defendant does not specify under which statute or rule he requests relief, because the defendant is challenging the Court's application of the Guidelines and the imposition of his sentence, the proper avenue for this relief would have been a direct appeal or a petition for habeas corpus pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. See Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) ("Insofar as claims regarding a sentencing court's error in failing to properly apply the Sentencing Guidelines are neither constitutional nor jurisdictional, we join several other circuits in holding that, absent a complete miscarriage of justice, such claims will not be considered on a § 2255 motion where the defendant failed to raise them on direct appeal."); Johnson v. United States, 313 F.3d 815, 817 (2d Cir. 2002) (defendant may raise on a Section 2255 petition an ineffective assistance of counsel claim where petition alleged counsel failed to object to incorrect Guidelines range). However, as noted above, the defendant filed a direct appeal in 2006 and a habeas corpus petition in 2009, and did not advance this challenge in either filing. He is therefore precluded from raising this challenge now. See United States v. Ben Zvi, 242 F.3d 89, 96 (2d Cir. 2001) (upon remand from Court of Appeals, district court must comply with mandate of Court of Appeals and may not consider issues that defendant could have raised on first appeal); United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997) ("A defendant is [] barred from raising claims in his § 2255

motion that he failed to raise on direct appeal unless he shows cause for the omission and prejudice resulting therefrom.").

The defendant's sentence was not a miscarriage of justice because the defendant's advisory Guidelines called for life imprisonment. Accordingly, even if the defendant received a 240-month sentence when he could have received a sentence of less than 240 months to account for the time he had already served on his Northern District of New York sentence,[1] the sentence imposed was significantly below what the Court could have imposed and, therefore, was not a miscarriage of justice. Cf. United States v. Hoskins, 905 F.3d 97, 104 n.7 (2d Cir. 2018) (noting, without deciding whether the Second Circuit agrees, that "[s]everal circuits have concluded that sentences imposed pursuant to advisory Guidelines based on an erroneous or later invalidated career offender determination did not result in a complete miscarriage of justice sufficient to warrant collateral relief" and stating that "the advisory nature of the challenged career offender Guidelines [is] one factor, among others, that preclude [the defendant] from showing that his below Guidelines 112-month sentence is a complete miscarriage of justice"); Werber v. United States, 149 F.3d 172, 177 n.4 (2d Cir. 1998) (while noting that "[w]e have yet to develop a framework for determining the existence of a complete miscarriage of justice in cases under the Sentencing Guidelines," stating that it did not need to reach question of "whether [district court's alleged] error constituted a fundamental defect which inherently results in complete miscarriage of justice where [the defendant] was sentenced within the appropriate Guidelines range and the error of law resulted only in the court forgoing the exercise of its *discretion* to impose a lesser sentence") (alteration, citation, and internal quotation marks omitted).

Even if the defendant's claim was cognizable on a Section 2255 petition and he requested to file a second, or successive, habeas corpus petition, a successive petition may only be made after the Court of Appeals itself certifies that it contains either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). While this Court may transfer this motion to the Circuit for it to evaluate it as a motion seeking permission to file a successive petition, the government notes that the defendant's motion does not meet either of these criteria.

Nor may the defendant pursue this motion pursuant to 28 U.S.C. § 2241. Although the plain language of Section 2241 – allowing a court to grant a writ of habeas corpus when a defendant "is in custody in violation of the Constitution or laws or treaties of the United States" – appears quite broad, the Court of Appeals has held that a Section 2241

---

[1] See United States v. Rivers, 329 F.3d 119, 122 (2d Cir. 2003) (§5G1.3(b) permits courts to adjust sentence below the mandatory minimum to reflect time served on previous sentence so long as the aggregate sentence imposed for the totality of conduct is equal or greater than the statutory mandatory minimum).

3

petition "challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions," and may not be used to challenge the imposition of the sentence itself. Jiminian v. Nash, 245 F.3d 144, 146–47 (2d Cir. 2001).[2] Here, the defendant is challenging the imposition of a sentence – whether this Court failed to follow §5G1.3 – and not the calculation of a sentence by prison officials, and therefore may not proceed under Section 2241. See Bygrave v. Menifee, No. 04-CV-0877A, 2005 WL 643455, at *1 (W.D.N.Y. Mar. 14, 2005) (allegation that Court miscalculated Guidelines and that counsel was ineffective for failing to note miscalculation is "clear[ly]" "challenging the imposition of [defendant's] sentence rather than the execution of his sentence"); see also McCall v. United States, 304 F. App'x 449, 450-51 (7th Cir. 2008) (argument that Court misapplied Guidelines §5G1.3 "challenges the imposition of [a] sentence" and "is a contention ordinarily raised only under § 2255"; court also noted that "absent extraordinary circumstances a challenge premised on the sentencing guidelines can be raised only on direct appeal").

Finally, 18 U.S.C. § 3582(c) also does not provide an avenue for relief. That statute states that a court "may not modify a term of imprisonment once it has been imposed" except in three situations: 1) the Bureau of Prisons has moved for a reduction of the sentence; 2) where modification is permitted pursuant to Fed. R. Crim. P. 35 or another statute; or 3) when the defendant was sentenced based upon a sentencing range that has been subsequently been lowered by the Sentencing Commission. See Holloway v. United States, No. 05 CV 5908 (ARR), 2006 WL 516826, at *2 (E.D.N.Y. Feb. 28, 2006). None of these circumstances are applicable in the defendant's case.

---

[2] A § 2241 petition may raise claims that "fall within the substantive scope of § 2255" only where § 2255 relief is "unavailable as a procedural matter" and "the failure to allow for collateral review would raise serious constitutional questions." Poindexter v. Nash, 333 F.3d 372, 378 (2d Cir. 2003) (citation and internal quotation marks omitted). To raise this constitutional question, a petitioner "must assert a claim of actual innocence that (a) is provable on the existing record, and (b) could not have effectively been raised at an earlier time." Id. (alterations, citation, and internal quotation marks omitted). The defendant's claim also does not meet this criteria.

Because the defendant could have raised this claim on direct appeal or in his petition for habeas corpus, the government respectfully requests that the defendant's motion be deemed procedurally barred and denied.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/ Philip Pilmar
Philip Pilmar
Assistant U.S. Attorney
(718) 254-6106

cc: Clerk of Court (ARR) (By ECF)
William Cobb (By certified return receipt first class mail)